UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUECTOR MAGANA,<br><br>                            Plaintiff,<br><br>   v.<br><br>BIOGEN IDEC, INC., a Corporation,<br><br>                            Defendant. | CASE NO. 09-CV-2637 W (BLM)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO FILE A MOTION FOR RECONSIDERATION [DOC. 10]** |

Pending before the Court is an ex parte application by Defendant Biogen Idec Inc. ("Biogen") requesting leave to file a motion for reconsideration of the Court's order remanding Plaintiff Josuector Magana's case to state court. For the following reasons the Court **DENIES** Defendant's ex parte application. (Doc. 10.)

Because this case has already been remanded to State court for lack of subject matter jurisdiction, this Court no longer has the authority to reconsider the order. Removal is a privilege to be strictly construed, and out of respect for the State court's authority, in the interest of judicial economy, and in recognition of the principles of comity, an action should not "ricochet back and forth depending on the most recent determination of a federal court." Harris v. Blue Cross/Blue Shield, 951 F.2d 325, 330

Case 3:09-cv-02637-W-BLM   Document 12   Filed 06/08/10   PageID.105   Page 2 of 2

(11th Cir. 1992); see also Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (U.S. 1977) ("28 U.S.C. § 1447(d) unmistakably commands that the order 'remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise'"). Furthermore, the Supreme Court has found that under § 1447(d) neither a district court nor a court of appeals has jurisdiction to review remand orders "*whether erroneous or not.*" Thermtron Prods. v. Hermansdorfer, 423 U.S. 336, 343 (U.S. 1976) (*abrogated* on other grounds) (emphasis added); see also Id. ("If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge . . . by appeal, by mandamus, or otherwise.") Thus, this Court lacks jurisdiction to reconsider the remand order and Defendant's ex parte application is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 8, 2010

_____
Hon. Thomas J. Whelan
United States District Judge